UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

GERMAN GONZALEZ,

                Petitioner,

          -against-

ALFRED MONTEGARI, SUPERINTENDENT,
MOHAWK CORRECTIONAL FACILITY,

                Respondent.

------------------------------------x

**MEMORANDUM & ORDER**
22-CV-6245(EK)

ERIC KOMITEE, United States District Judge:

      German Gonzalez has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Proceeding *pro se*, he levels two contentions: that his trial counsel rendered ineffective assistance, in violation of the Sixth Amendment, and that he pled guilty without having been indicted by a grand jury (or having waived that right), in violation of the Fifth Amendment.  For the reasons set forth below, the petition is denied.

## I.  Background

      The following recitation is taken from the Petition and the parties' submissions.[1]  By my Order dated October 31,

---

[1] These submissions include the Petition ("Pet."), ECF No. 2; respondent's Motion for Leave to File a Motion to Dismiss ("Mot. Leave"), ECF No. 7; respondent's Motion to Dismiss ("Mot. Dismiss"), ECF No. 8; the declaration of Assistant District Attorney Thomas B. Litsky, ("Litsky Decl."), ECF No. 8-1; Gonzalez's Reply in Opposition ("Reply"), ECF No. 9; Letter from Thomas B. Litsky dated August 1, 2023, ECF No. 10; Letter from

2022, I relieved the parties of any obligation to file the state court record in this case pending the resolution of respondent's motion to dismiss.

In 2019, a grand jury sitting in Richmond County charged Gonzalez with several felonies, including seven counts of Criminal Sale of a Controlled Substance, Criminal Possession of a Controlled Substance, and two Counts of Criminal Possession of a Weapon in the Second Degree. Litsky Decl. ¶ 4. Thereafter, Gonzalez pleaded guilty to one count of Criminal Possession of a Weapon in the Second Degree. *Id.* ¶ 5. On May 4, 2022, the state court sentenced Gonzalez to four-and-a-half years of incarceration and five years' post-release supervision. *Id.*

The State advises that as of August 1, 2023, Gonzalez had not perfected an appeal. Ltr. from Thomas B. Litsky dated Aug. 1, 2023 ("Litsky Ltr. I"); Litsky Decl. ¶ 6. Additionally, counsel was "unaware of petitioner filing any post-conviction motion in state court under C.P.L. Article 440." Litsky Decl. ¶ 6; *see also* Litsky Ltr. I (reiterating the same, nine months later).

In his petition, Gonzalez alleges that he received ineffective assistance because his counsel "conspired with the

---

Thomas B. Litsky dated August 22, 2023 Letter, ECF No. 11; and Letter from German Gonzalez dated August 31, 2023. Citations to these documents refer to ECF pagination.

district attorney to violate all of [his] constitutional rights." Pet. 1. Specifically, Gonzalez faults his attorney for allowing the case to proceed without an indictment (or waiver thereof), as well as for not pursuing his "best interest" in plea bargaining. Reply 3; Ltr. from German Gonzalez dated Aug. 31, 2023, at 1 ("Gonzalez Ltr."). Second, Gonzalez claims that he was not indicted by a grand jury, and that the "Richmond County Supreme Court did not have a proceeding in open court" to obtain a waiver as an "alternative" to indictment. Pet. 3.[2]

Gonzalez has not disputed that he neither appealed his conviction nor filed any post-conviction motions. Instead, he argues that he could not have been expected to raise challenges to his conviction in state court because his guilty plea waived his right to appeal. *See* Reply 1-2; *see also* Gonzalez Ltr. 1 (reiterating the same).

On August 18, 2023, the Court ordered respondent to submit a letter indicating whether petitioner's claims were procedurally defaulted. Respondent replied, indicating that Gonzalez's petition includes one procedurally defaulted claim — the one relating to the failure to indict him — and one non-defaulted (but unexhausted) claim (the ineffective assistance

---

[2] Gonzalez was ultimately indicted by the Grand Jury in Richmond County. *See* Litsky Decl. ¶ 4. Thus, the Court has reason to be skeptical of petitioner's claim. However, the Court need not resolve this issue because, as discussed below, state grand jury defects are not cognizable in federal habeas courts. *See Fields v. Soloff*, 920 F.2d 1114, 1118 (2d Cir. 1990).

claim).  *See* Ltr. from Thomas B. Litsky dated Aug. 22, 2023 ("Litsky Ltr. II").

## II.  Discussion

### A.  Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), a state prisoner's application for a writ of habeas corpus shall not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State"; "there is an absence of available State corrective process"; or "circumstances exist that render such process ineffective to protect the rights of the applicant."

To exhaust state court remedies, a petitioner must "fairly present[] his claim in each appropriate state court (including a state supreme court with powers of discretionary review).  A petitioner has fairly presented his claim only if he has informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010).[3]  Exhaustion is a prerequisite to federal habeas relief unless "there is no further state proceeding for petitioner to pursue, or where further pursuit would be futile." *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

The existing record reveals no indication that Gonzalez has sought any post-conviction relief. *See* Litsky Decl. ¶ 6; Reply 2; Litsky Ltr. I; Gonzalez Ltr. 1. Gonzalez does not contend that he has; instead, he argues that he is exempt from the exhaustion requirement because he signed an appeal waiver as part of his state guilty plea. *See* Reply 2; Gonzalez Ltr. 1. That waiver, he argues, leaves Section 2254 as his only remedy. *See* Reply 2*;* Gonzalez Ltr. 1-2.

Gonzalez is incorrect. "Even where . . . a petitioner has waived the right to appeal, he still bears the obligation to exhaust his claims prior to seeking habeas relief." *Farmer v. Colvin*, No. 17-CV-1091, 2021 WL 4555835, at *13 (S.D.N.Y. Aug. 30, 2021), *report and recommendation adopted*, 2021 WL 4555041 (S.D.N.Y. Oct. 4, 2021); *see also D'Onofrio v. Annucci*, No. 16-CV-1740, 2018 WL 6251367, at *13 (S.D.N.Y. Oct. 23, 2018), *report and recommendation adopted*, 2018 WL 6250660 (S.D.N.Y. Nov. 29, 2018) (holding same).

Gonzalez has not exhausted his ineffective assistance claim. In New York, claims for ineffective assistance of counsel that implicate the voluntariness of the plea "survive[]" a guilty plea and waiver of the right to appeal. *People v. Almonte*, 116 N.Y.S.3d 782, 784 (App. Div. 3d Dep't 2020). Gonzalez has not clearly articulated the nature of his

ineffective assistance claim, but it appears to implicate his plea at least in part.  Reply 1-2.

Additionally, as Gonzalez's claim alleges a "conspiracy" between his counsel and the prosecutor, it would appear to rely on matter not appearing in the court record. Pet. 1.  Where an ineffective assistance claim relies on such matter, a motion to vacate pursuant to New York Criminal Procedural Law Section 440.10 is the "appropriate forum." *People v. Isaacs*, 942 N.Y.S.2d 220, 221 (App. Div. 2d Dep't 2012); *see also People v. Rajib*, No. 2023-4595, 2026 WL 31392, at *1 (N.Y. App. Div. 1st Dep't Jan. 6, 2026) ("Defendant's ineffective assistance claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by the record . . . .").  And a Section 440.10 motion can be raised "at any time after the entry of judgment."  N.Y. Crim. Proc. Law § 440.10.  Because Gonzalez has not filed a Section 440.10 motion (let alone sought leave to appeal any denial thereof), his ineffective assistance claim remains unexhausted — irrespective of whether a direct appeal remains available to him.

Gonzalez's grand jury claim is exhausted, albeit procedurally barred.  "Even if a federal claim has not been presented to the highest state court or preserved in lower state courts under state law, it will be deemed exhausted if it is, as

6

a result, then procedurally barred under state law." *Ramirez v. Att'y Gen.*, 280 F.3d 87, 94 (2d Cir. 2001). Gonzalez a) never timely filed an appeal; b) never moved for an extension of time to do so; and c) let his one-year period to move for an extension of time to take an appeal expire. *See* N.Y. Crim. Proc. L. § 460.30(1). Thus, Gonzalez is "procedurally barred from raising the unexhausted claim" and this claim is "deemed exhausted." *Brown v. Herbert*, 288 F. Supp. 2d 351, 353 (W.D.N.Y. 2003).

As Gonzalez's petition includes both exhausted and unexhausted claims, it is a "mixed" petition. "When confronted with a mixed petition . . . a district court has four options." *Warren v. Goord*, No. 06-CV-1423, 2013 WL 1310465, at *11 (E.D.N.Y. Mar. 28, 2013). First, a court may dismiss the entire petition without prejudice, to allow the petitioner to return to state court and exhaust his remedies. *Id.* That approach is not advisable here, as it would "jeopardize the timeliness of a [federal] collateral attack," due to the Antiterrorism and Effective Death Penalty Act of 1996's one-year statute of limitations. *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001); 28 U.S.C. § 2254(d)(1).

Second, a court may dismiss the entire petition on the merits. 28 U.S.C. § 2254(b)(2). However, because the record "does not contain" the type of material "on which petitioner's

7

ineffective assistance claim[] rel[ies], the Court cannot reliably assess" the merits here.  *Vazquez v. Miller*, No. 23-CV-564, 2024 WL 1348743, at *7 (E.D.N.Y. Mar. 28, 2024).

Third, a court may stay the case and hold the petition in abeyance to permit the petitioner to exhaust state remedies.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).  However, the Supreme Court has instructed that courts should not do so unless the petitioner demonstrates "good cause" for his failure to exhaust and that the unexhausted claims are not "plainly meritless."  *Id.*  Here, petitioner has not met the first requirement (nor has he requested a stay).  *See Castro v. Lamanna*, No. 18-CV-3315, 2019 WL 293388, at *2 (S.D.N.Y. Jan. 22, 2019) (collecting cases standing for the proposition that "ignorance of the law . . . does not constitute good cause for failure to exhaust"); *cf. Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) (appeal waiver did not constitute "cause" for failing to take a direct appeal).

The Court will thus proceed with the fourth and final option.  A district court is permitted to treat "unexhausted claims as excised from the petition, and consider the remainder of the claims on the merits."  *Vazquez*, 2024 WL 1348743, at *7.  This course is justified by the assumption that "the petitioner would prefer the Court" at least consider the remaining claim,

8

as opposed to "dismiss[ing] the petition outright." *Id.* We proceed to decide Gonzalez's grand-jury claim on the merits.

## B. Grand Jury Claim: Merits

When a petitioner's claim is procedurally barred, it is not subject to habeas review unless the petitioner shows cause for the default and actual prejudice, or that the denial of habeas relief would result in a miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006). Yet, whether Gonzalez could overcome the procedural bar need not be adjudicated. Where relief will be denied regardless, a federal court may skip over the procedural default issue and proceed to deny the claim on the merits. *See Bell v. Cone*, 543 U.S. 447, 451 & n.3 (2005); *Vega v. Portuondo*, 120 F. App'x 380, 382 (2d Cir. 2005) ("Because we agree with the District Court that petitioner's claim lacks merit, we need not decide whether the claim is procedurally defaulted.").

Here, relief would be denied even if the claims were not procedurally defaulted. Habeas review is limited to "deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). There is no federal constitutional right to indictment by a grand jury in a state criminal prosecution. *See Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *LanFranco v. Murray*, 313 F.3d 112, 118 (2d Cir. 2002) ("[T]he Fifth

9

Amendment's right to a grand jury indictment . . . has not been incorporated against the states through the Fourteenth Amendment."). Rather, "the right to indictment in a New York state court prosecution stems from the state constitution." *McCray v. New York*, 573 F. App'x 22, 24 (2d Cir. 2014). Because this claim solely raises an issue of state law, it must be denied. *See Estelle*, 502 U.S. at 68 ("We have stated many times that federal habeas corpus relief does not lie for errors of state law."); *see also Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (deficiencies in state grand jury proceedings are not "cognizable in a habeas corpus proceeding").

### III. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. Because Gonzalez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and *in forma pauperis* status is therefore denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to amend the caption of this case to reflect respondent's proper name and

title, mail a copy of this order to Gonzalez and note the

mailing on the docket, and close this case.


       SO ORDERED.


                                       /s/ Eric Komitee
                                   ERIC KOMITEE
                                   United States District Judge


Dated:     January 26, 2026
             Brooklyn, New York